UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROXANNE COLEMAN,<br><br>　　　　　Defendant. | Case No.: 1:20-cv-00759-DAD-SKO (PC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER** (Doc. 36)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE** (Doc. 37) |

Plaintiff is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Defendant moved to modify the scheduling order on March 14, 2022 (Doc. 36) and Plaintiff moved to extend the discovery deadline on March 25, 2022 (Doc. 37).

**I.    THE DISCOVERY AND SCHEDULING ORDER**

The Court issued its Discovery and Scheduling Order on October 15, 2021. It provided as follows:

> The schedule for this action is as follows:
>
> A. The deadline for motions challenging exhaustion of administrative remedies is 01/15/2022;
>
> B. The deadline for amending the pleadings is 02/12/2022;
>
> C. The deadline for completion of all discovery, including filing motions to compel, is 03/15/2022; and

        D. The deadline for filing pre−trial dispositive motions is 05/16/2022.

(Doc. 33 at 3.) The Order further provides that "[a] request for extension of any deadline set in this order must be filed at least two weeks before it expires. **The deadlines set forth above are firm and will only be extended upon a showing of good cause**." (*Id*., emphasis in original.)

## II.   DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER

On March 14, 2022, Defendant filed a motion to modify the scheduling order. (Doc. 36.) The motion was filed one day prior to the expiration of the March 15, 2022, discovery deadline.

Defendant contends the current deadline to conclude discovery would not allow for the taking of Plaintiff's deposition by videoconference, a requirement given the COVID-19 pandemic, within the deadline previously set. (Doc. 36 at 2.) Defense counsel declares he "recently contacted the litigation coordinator at California State Prison, Corcoran" and was provided an available date of March 7, 2022. (Doc. 36-2 at 1-2, ¶ 3.) Defense counsel was unable to accommodate that date as it "conflicted with [his] own schedule." (*Id*.) Counsel was advised that given the "limited availability of videoconference equipment," the next available videoconference could not be accommodated until "the beginning of April 2022." (*Id*.) Defense counsel, therefore, seeks to extend the deadline for all discovery from March 15, 2022, to April 15, 2022, in order to take Plaintiff's deposition. (Doc. 36-1 at 5-6, 36-2 at 2, ¶ 4.) Defendant also seeks an extension of the deadline for filing dispositive motions from May 16, 2022, to June 13, 2022. (Doc. 36-1 at 6.)

The Court notes that defense counsel does not identify the date on which he contacted the litigation coordinator to schedule Plaintiff's deposition. That information is relevant in determining whether Defendant's request is time - particularly where his motion was filed one day prior to expiration of the relevant deadline. Nevertheless, because Plaintiff's deposition cannot be accommodated prior to expiration of the deadline, the Court will find good cause.

//

//

//

2

### III.    PLAINTIFF'S REQUEST FOR EXTENSION OF DISCOVERY DEADLINE

Plaintiff seeks a 60-day extension of the discovery deadline "from the date of [the Court's] order." (Doc. 37.) Plaintiff signed and dated the instant motion two days after the March 15, 2022, deadline for completing all discovery had passed.

Plaintiff states he "previously moved to extend [the] discovery deadline on 2/25/22," but apparently "mis[s]tated" his "intent because the Court interpreted it as a need to respond to discovery," rather than a need for an extension.[1] (Doc. 37 at 2, ¶ 2.) Plaintiff states he needs the additional time "to propound discovery requests upon Defendant while allowing her 45 days to respond." (Doc. 37 at 2, ¶ 3.) Plaintiff explains that his obligations in other litigation pending before this Court, coupled with the fact Plaintiff has access to his legal materials only on a box-for-box, case-by-case basis, requires such an extension. (Doc. 37 at 2-3, ¶¶ 4-7.)

Because Plaintiff timely sought to extend the discovery deadline with his February 2022 request, and because the Court misunderstood that nature of his request, the Court finds good cause to extend the discovery deadline despite the fact Plaintiff filed the instant request after the discovery deadline had passed.

### IV.    CONCLUSION AND ORDER

For the reasons given above, IT IS ORDERED that the Discovery and Scheduling Order (Doc. 33) be MODIFIED as follows:

1. The deadline for completing all discovery is extended to **Friday, May 27, 2022**; and
2. The deadline for filing pre-trial dispositive motions is extended to **Monday, June 27, 2022**.

The parties are advised no further extensions of time will be entertained unless the request is both timely and supported by good cause.

IT IS SO ORDERED.

Dated:   **March 29, 2022**                           /s/ *Sheila K. Oberto*

---

[1] Plaintiff sought an extension of the discovery deadline until May 14, 2022 (Doc. 34 at 1), stating, in part, that he could not "draft … discovery *responses*" (*id*. at 2-3, emphasis added) until he was in possession of legal paperwork related to this action.

3

UNITED STATES MAGISTRATE JUDGE