UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROXANNE COLEMAN,<br><br>　　　　Defendant. | Case No.: 1:20-cv-00759-ADA-SKO (PC)<br><br>**ORDER SETTING SETTLEMENT CONFERENCE AND SETTLEMENT CONFERENCE PROCEDURES**<br><br>**Telephonic Pre-Settlement Conference: 11/2/2022 at 11:00 a.m.**<br>**Settlement Conference: 11/8/2022 10:30 a.m. via Zoom Videoconference** |

Plaintiff Devonte B. Harris is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983 on a single claim of retaliation in violation of the First Amendment against Defendant R. Coleman.

On August 30, 2022, this Court directed the parties to meet and confer to select either September 29, 2022, or November 8, 2022, for a settlement conference before the undersigned. (Doc. 40.) On September 8, 2022, defense counsel contacted the courtroom deputy and advised he has been unable to speak with Plaintiff because the prison has been unable to arrange for a telephone conversation between the two parties. Defense counsel indicated his availability for a November 8, 2022, settlement conference.

//

//

Although the parties have been unable to meet and confer by telephone as directed, the Court finds it appropriate to set the matter for a settlement conference given this Court's caseload, the undersigned's availability, and the procedural posture of this action.

Accordingly, it is hereby **ORDERED** that:

1. The Court SETS a telephonic pre-settlement conference for **November 2, 2022, at 11:00 a.m.** before the undersigned to discuss whether the settlement conference will be productive. Defense counsel shall arrange for Plaintiff's participation. The parties shall dial 1-888-557-8511 and enter access code 6208204# for the telephonic conference.

2. A settlement conference is scheduled to occur on **November 8, 2022, at 10:30 a.m.**, before the undersigned, via Zoom videoconference. Defense counsel shall arrange for Plaintiff's participation. Prior to the conference, defense counsel shall contact the undersigned's courtroom deputy at wkusamura@caed.uscourts.gov for the Zoom videoconference connection information. The Court will issue a writ of *habeas corpus ad testificandum* to allow for Plaintiff's participation, as appropriate.

3. Each party or a representative with full authority to negotiate and enter into a binding settlement agreement shall participate in the conference. The failure of any counsel, party, or authorized person subject to this order to participate in the conference may result in the imposition of sanctions.

4. Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Participants in the conference must be prepared to discuss the claims, defenses, and damages.

5. The parties shall engage in <u>informal</u> settlement negotiations as follows:

   No later than **September 23, 2022**, Plaintiff shall submit to Defendants, by mail, a written itemization of damages and a meaningful settlement demand, including a brief explanation of why such settlement is appropriate, which shall not exceed 5 pages.

   No later than **October 3, 2022**, Defendants shall respond, by mail or telephone, with an acceptance of Plaintiff's offer or a meaningful counteroffer, including a brief

explanation of why such settlement is appropriate. If settlement is achieved, the parties shall file a Notice of Settlement as required by Local Rule 160.

6. If settlement is not achieved informally, the parties shall submit confidential settlement conference statements no later than **October 14, 2022**. Defendants shall email their statement to skoorders@caed.uscourts.gov. Plaintiff shall mail his statement, clearly captioned "Confidential Settlement Conference Statement," to United States District Court, Attn: Magistrate Judge Sheila K. Oberto, 2500 Tulare Street, Room 1501, Fresno, CA 93721.

   Once the parties have submitted their statements, they shall file a "Notice of Submission of Confidential Settlement Conference Statement" with the court. The confidential settlement conference statements themselves **should not be filed** with the court **nor served** on the opposing party.

7. The confidential settlement conference statements should be no longer than 5 pages in length and include:
   a. A brief summary of the facts of the case;
   b. A brief summary of the claims and defenses of the case, i.e., the statutory, constitutional, or other grounds upon which the claims are founded;
   c. A forthright discussion of the strengths and weaknesses of the case and an evaluation of the likelihood of prevailing on the claims or defenses, from the party's perspective, and a description of the major issues in dispute;
   d. An estimate of the party's expected costs and time to be expended for further discovery, pretrial matters, and trial;
   e. A summary of past settlement discussions, including the informal settlement negotiations required above; a statement of the party's current position on settlement, including the amount the party would offer and accept to settle (in specific dollar amounts); and a statement of the party's expectations for settlement discussions;

   f. An estimate of any restitution allocated to Plaintiff, or other financial obligation assigned to Plaintiff, that would affect the parties' settlement discussions;

   g. A list of the individuals who will be attending the conference on the party's behalf, including names and, if appropriate, titles; and,

   h. If a party intends to discuss the settlement of any other actions or claims not raised in this suit, a brief description of each action or claim, including case number(s), as applicable.

  The Clerk of the Court is directed to additionally serve a courtesy copy of this Order via email on the Litigation Coordinator at the facility housing Plaintiff to ensure Plaintiff receives a copy of this Order as soon as possible.

IT IS SO ORDERED.

Dated:  **September 13, 2022**     */s/ Sheila K. Oberto*
                     UNITED STATES MAGISTRATE JUDGE