UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>          Plaintiff,<br><br>     v.<br><br>ROXANNE COLEMAN,<br><br>          Defendant. | Case No.: 1:20-cv-00759-KES-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**<br><br>Doc. 85 |

Plaintiff Devonte B. Harris is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on a single claim of retaliation in violation of the First Amendment against Defendant R. Coleman.

On August 28, 2024, Plaintiff filed a motion under the "All Writs Act under 28 U.S.C. § 1651(a)," titled "Plaintiff's Motion for an Injunction Ordering Kern Valley State Prison to Provide Access to His Stored Legal Material; and to Locate and Return His Legal Books." Doc. 85 at 1. On September 26, 2024, Defendant filed an opposition to Plaintiff's motion. Doc. 87. Plaintiff timely replied on October 17, 2024. Doc. 88.

**I.     FACTS AND BACKGROUND**

Plaintiff indicates he arrived at Kern Valley State Prison (KVSP) from California State Prison - Corcoran in June 2023 with 12 boxes of legal material that he "subsequently reduced to 9

1  boxes." Doc. 85 at ¶ 3. Plaintiff is limited to 7 cubic feet of legal material inside his cell and thus
2  5 boxes are currently being held at the facility's Receiving and Release department. *Id*. at ¶¶ 4–5.
3  He contends that, for the last 10 months, prison staff have refused to allow him access to a box-
4  for-box exchange of his legal materials, despite the operations manual requiring access to weekly
5  box-to-box transfers. *Id*. at ¶ 6. He alleges requested dates for access and exchange "are given
6  but not honored." *Id*. at ¶ 7.

7  Plaintiff further states that on July 19, 2023, he was placed in administrative segregation
8  and "took all [his] cell property with [him], and staff left it in the hallway." *Id*. at ¶ 9. When
9  plaintiff reported having suicidal thoughts the following day, he was transferred temporarily to a
10  mental health crisis bed at the California Men's Colony. *Id*. at ¶ 10. Plaintiff claims he was
11  returned to KVSP about 10 days later, and, upon receiving his cell property, he noticed "a box of
12  60 something books were missing, including but not limited to: The Federal Civil Trial Handbook
13  …," valued at over a thousand dollars. *Id*. at ¶ 11. Plaintiff asserts he bought the books
14  "specifically to litigate civil cases such as this one" and supports his assertion with order
15  confirmation receipts from Thomson Reuters. *Id*. at ¶ 11, pages 9-12 (Exhibit B). Plaintiff
16  contends he has "filed an administrative appeal" concerning the matter and has discussed the
17  issue several times with an Investigative Services Unit official, and a response to the grievance is
18  10 months overdue. *Id.* at ¶¶ 12, 8. Plaintiff believes KVSP has an audio-visual surveillance
19  system that recorded his missing legal books at the last known location, but it has not been used
20  to locate his property. *Id.* at ¶¶ 12–13. Plaintiff states he is unable to litigate this matter
21  effectively without access to his legal materials and books. *Id*. at ¶ 15.

22  Defendants provided a declaration in support of the opposition which indicates plaintiff
23  "is currently scheduled to be brought by facility staff to the Receiving and Release office on
24  September 28, 2024, to go through his excess legal property" and "will be permitted to identify
25  boxes he wishes to exchange for boxes he has in his cell" on that occasion. Doc. 87 at 2.
26  Defendant further notes plaintiff "will also be able to determine whether any of his legal property
27  is missing" at that time. *Id*.

28  Plaintiff confirms in his reply that he has gained access to "his legal property in the

aftermath of his motion" and attaches a copy of a grievance he contends "was a triggering event requiring Kern Valley State Prison staff to obtain, utilize and store relevant footage." *Id.* Plaintiff concludes "an injunction remains necessary and appropriate." Doc. 88 at 1.

## II.     LEGAL STANDARD

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (footnote & citations omitted). "Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case." *Aldrich v. Romo*, 493 F. Supp. 3d 853, 856 (C.D. Cal. 2020) (citations omitted) (collecting cases); *Hammler v. Haas*, No. 2:15-cv-2266-JAM-AC P, 2019 WL 11880444 at *2 (E.D. Cal., Mar. 22, 2019) ("Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action"); *Lopez v. Cook*, No. 2:03-cv-1605-KJM-DAD, 2014 WL 1488518 at *2-4 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (citations & internal quotation marks omitted).

## III.    DISCUSSION

Plaintiff's motion for injunctive relief will be denied. While plaintiff asserts prison officials are interfering with his ability to litigate this action, he does not demonstrate a "most critical and exigent circumstance" entitling him to the relief he seeks. *Brown*, 533 U.S. at 1303.

|   |   |
|---|---|
| 1 | Although Plaintiff indicates staff at KVSP have refused him weekly access to a "box-for-box exchange basis" "for the last 10 months and running," plaintiff was able to comply with the deadline for submitting his pretrial statement in July of this year and was able to submit the current motion and timely file his reply.  See Docs. 80, 85, 88.  It also appears that any issue with plaintiff's access to his legal materials has now been resolved.  In plaintiff's reply, dated and signed October 10, 2024, he confirms that he obtained access to his legal property on September 28, 2024.  Doc. 88. |

Although Plaintiff indicates staff at KVSP have refused him weekly access to a "box-for-box exchange basis" "for the last 10 months and running," plaintiff was able to comply with the deadline for submitting his pretrial statement in July of this year and was able to submit the current motion and timely file his reply.  See Docs. 80, 85, 88.  It also appears that any issue with plaintiff's access to his legal materials has now been resolved.  In plaintiff's reply, dated and signed October 10, 2024, he confirms that he obtained access to his legal property on September 28, 2024.  Doc. 88.

Plaintiff continues to assert that an "injunction remains necessary and appropriate," because KVSP staff have not used the audio-visual surveillance system to locate his missing legal reference books.  *Id.*  With his reply, plaintiff filed as an exhibit his grievance from September 2023 concerning his lost property, which reveals it concerns a complaint, arising July 29, 2023, that "C/O Urias committed PREA violations" and that "C/Os Allen, Sell, and Martinez engaged in PREA retaliation" on that same date.  Doc. 88 at 3.  The grievance also states "Lt. Escutia" and "Captain Maclemore" failed to report his PREA complaints against those officers.  *Id*. at 3-4.  Plaintiff further complains that "C/O Diaz engaged in PREA retaliation by disappearing [his] Adidas shoes …."  *Id*. at 4.  In addition, plaintiff contends his other property, including "legal books … costing about $4,600," a CD player, and a "Meek Mill 'Expensive Pain' CD" were also missing.  *Id*.  Plaintiff states that "Diaz's body camera from 6 pm to 9 pm on 7/29/23 will tell what happened to it."  *Id*.

It is not "indisputably clear" that plaintiff has a legal right to the audio or video footage he now seeks.  *Brown*, 533 U.S. at 1303.  Notably too, the assertion that the audio or video footage would serve to locate the books is speculative.  Even assuming Plaintiff's books are missing, that allegation may give rise to a new claim in a separate action but does not constitute an exigent circumstance in this action.

Finally, plaintiff acknowledges that he "did finally get to access his legal property" after filing the instant motion, so it appears plaintiff will be able to comply with the pretrial filing deadlines provided in this Court's Tentative Amended Final Pretrial Order issued August 13, 2024 (Doc. 83), and an injunction is neither necessary nor appropriate.  28 U.S.C. § 1651(a);

4

*Aldrich*, 493 F. Supp. 3d at 856.  The All Writs Act is to be used "sparingly and only in the most critical and exigent circumstances." *Brown*, 533 U.S. at 1303.  Such circumstances do not exist here.

### IV. CONCLUSION AND ORDER

Based upon the foregoing, Plaintiff's motion for injunctive relief, Doc. 85, is DENIED.

IT IS SO ORDERED.

Dated: October 23, 2024

_____
UNITED STATES DISTRICT JUDGE